# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VALERIE A. BALLARD, | Case No. 25-cv-145 (LMP/SGE) |
| Petitioner, | |
| v. | ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |
| L.S. DAVIS, | |
| Respondent. | |

Robert H. Meyers, **Office of the Federal Defender, Minneapolis, MN**, for Petitioner.

Lucas B. Draisey, **United States Attorney's Office, Minneapolis, MN,** for Respondent.

Petitioner Valerie A. Ballard ("Ballard") brought this habeas action requesting that the Bureau of Prisons ("BOP") transfer her from the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca"), to a Residential Reentry Center ("RRC") or home confinement. *See* ECF No. 7 (amended petition). While the petition was pending, the BOP transferred Ballard to an RRC. ECF No. 9 ¶ 22. United States Magistrate Judge Shannon G. Elkins accordingly issued a Report and Recommendation ("R&R") concluding that Ballard's habeas petition is moot because the BOP granted her the relief she sought. ECF No. 10. Ballard objected to the R&R's conclusion that her habeas petition is moot, ECF No. 11, so the Court reviews that conclusion de novo, Fed. R. Civ. P. 72(b)(3). For the following reasons, Ballard's objections are overruled, the R&R is adopted in full, and the amended petition is denied as moot.

## FACTUAL BACKGROUND

At the time Ballard was sentenced, her statutory release date was January 5, 2027. ECF No. 9-1 at 3. However, due to earned time credits she received under the First Step Act of 2018, ECF No. 9 ¶ 10, and early release pursuant to 18 U.S.C. § 3621(e), Ballard had a BOP-projected release date of June 17, 2025. ECF No. 9-1 at 3.

In September 2024, BOP officials reviewed Ballard for prerelease RRC placement and recommended a placement date of January 22, 2025. ECF No. 9 ¶ 19. As part of Ballard's participation in the Residential Drug Abuse Program ("RDAP"), she required "at least 120 days of transitional services upon release." ECF No. 9-6 at 1. At the time of the review, Ballard had "accrued 434 days" towards RRC or home confinement, and the BOP projected that her conditional release date from all confinement was May 14, 2025, accounting for her time credits and mandatory 120 days of transitional services. *Id.* at 2; ECF No. 9 ¶ 19. Thus, if Ballard had been placed in an RRC on January 14, 2025, she would have received her 120 days of transitional services by May 14, 2025, and been eligible for conditional release on that day. But due to the limited availability of RRC placements, Ballard was informed that the BOP could not place her in an RRC until April 22, 2025. ECF No. 9 ¶ 20. If Ballard did not transfer to an RRC until April 22, 2025, then the mandatory 120 days of transitional services would have pushed Ballard's anticipated conditional release date out to the end of August 2025. *Id.*

Ballard accordingly filed a habeas petition on January 10, 2025, requesting that the BOP place her on home confinement on January 14, 2025. ECF No. 1. The BOP then placed Ballard in an RRC on February 18, 2025. ECF No. 9 ¶ 22. A week later, Ballard

2

filed an amended habeas petition requesting that she be transferred "to a Residential Reentry Center (RRC) or on home confinement." ECF No. 7 at 1. Ballard further alleged that the BOP violated federal law by failing to transfer Ballard to an RRC in January 2025. *Id.* at 2–3.

After receiving briefing from the parties, Magistrate Judge Elkins issued the R&R, concluding that Ballard's amended petition was moot because the BOP had granted the relief Ballard sought in the amended petition: prerelease RRC placement, which led to a projected release date of June 17, 2025. ECF No. 10 at 5. The R&R also rejected Ballard's claim that an exception to the mootness doctrine applied. *Id.* at 6. Ballard objected to those conclusions, ECF No. 11, and Respondent responded in opposition to Ballard's objections, ECF No. 12.

## **ANALYSIS**

"Article III restricts federal courts to the resolution of cases and controversies." *Davis v. FEC*, 554 U.S. 724, 732 (2008). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 732–33 (citation omitted) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted) (internal quotation marks omitted).

3

Ballard asserts that her amended petition is not moot, and even if it is moot, the voluntary-cessation doctrine applies. ECF No. 11 at 3–13. The Court addresses each argument in turn.

I.   **Whether Ballard's Amended Petition is Moot**

Federal courts will dismiss a case as moot when "changed circumstances already provide the requested relief and eliminate the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004). Ballard requested that she be transferred from FCI Waseca to an RRC or home confinement and argued that the failure to timely transfer her violated federal law. *See* ECF No. 1 at 7; ECF No. 7 at 1. Ballard has now been transferred to an RRC. ECF No. 9 ¶ 22. Ballard thus has been afforded the relief she requested in her amended petition, which renders this case moot. *See McCarthy*, 359 F.3d at 1035; *see also Garcia v. Eischen*, No. 24-cv-4106 (KMM/SGE), 2025 WL 1476567, at *2–3 (D. Minn. May 22, 2025) (holding that a similar petition was moot when a petitioner was transferred to an RRC and collecting cases holding the same).

To avoid this straightforward conclusion, Ballard argues that while she "does not currently need to be moved to an RRC, a federal court decision could substantially affect her likelihood of later being moved to a secure facility by the BOP." ECF No. 11 at 4. But Ballard's assertion that she may later be moved to a secure facility "is nothing more than empty speculation," which cannot save a moot case. *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018); *see McCarthy*, 359 F.3d at 1036 ("A speculative possibility is not a basis for retaining jurisdiction over a moot case."). Ballard offers no evidence that the BOP is considering moving her back to prison, and indeed, Respondent

offers evidence that Ballard may be returned to prison only under certain circumstances. ECF No. 9 ¶ 24; ECF No. 9-5 at 21; ECF No. 9-8; ECF No. 12 at 7–8. The Court will not opine on Ballard's legal argument based only on a hypothetical, contingent risk of a transfer from the RRC back to prison. *See Hunter v. Page County*, 102 F.4th 853, 684 (8th Cir. 2024) (explaining that federal courts do not decide disputes about "hypothetical future harms").

*Super Tire Engineering Company v. McCorkle* is not to the contrary. In that case, the U.S. Supreme Court held that a request for declaratory relief in a lawsuit challenging a state policy that made striking employees eligible to receive unemployment payments did not become moot when the strike ended because "the challenged governmental activity in the present case is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." 416 U.S. 115, 122 (1974). Here, Ballard provides no evidence that there remains a "continuing and brooding" risk that she will be removed from the RRC as a result of the legal error that she claims the BOP committed. *Id.* Any decision on that purported legal error, therefore, would constitute an impermissible advisory opinion. *See Hawse v. Page*, 7 F.4th 685, 694 (8th Cir. 2021).

Ballard also argues that the Court should reach the merits of the legal question presented by the amended petition because the primary relief sought in her petition was transfer to home confinement, which Ballard has not yet received. *See* ECF No. 11 at 4–5. Although Ballard's original petition sought "immediate release" to "home confinement," ECF No. 1 at 7; ECF No. 1-1 at 1, Ballard's amended petition simply

5

requested transfer "to a Residential Reentry Center (RRC) or on home confinement," ECF No. 7 at 1. And, in fact, Ballard recognized in the amended petition that federal law provides the BOP with discretion to determine whether to transfer an inmate to an RRC or home confinement. *Id.* at 6. An amended complaint generally supersedes the original complaint and renders it "without legal effect." *Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020) (citation omitted); *Jones v. Steele*, No. 4:06CV767RWS, 2010 WL 618474, at *4 (E.D. Mo. Feb. 18, 2010) (stating the same principle for an amended habeas petition). Ballard's original petition which sought home confinement is therefore "without legal effect," *Schlafly*, 970 F.3d at 933, leaving as the operative pleading her amended petition, which requests transfer to an RRC or home confinement. Ballard has been afforded that relief, so her amended petition is moot.[1]

## II.     Whether the Voluntary-Cessation Doctrine Applies

Ballard argues alternatively that even if her case is technically moot, the voluntary-cessation doctrine saves it from dismissal. ECF No. 11 at 7–13. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case" unless the defendant demonstrates that the allegedly unlawful conduct "could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 174, 189 (2000) (citation omitted). To show that a case is truly moot, "a

---

[1]     The Bureau of Prisons' Inmate Locator notes that Ballard was released from BOP custody on June 17, 2025. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp. At this point, then, Ballard's fear that she will be returned to prison is doubly speculative, solidifying the conclusion that this case is moot.

defendant must prove no reasonable expectation remains that it will return to its old ways." *FBI v. Fikre*, 601 U.S. 234, 242 (2024) (citation omitted) (cleaned up).

Respondent has met its burden here. Ballard states that the "possibility that she could be subsequently transferred back to prison" means that Respondent cannot demonstrate that the BOP's purportedly unlawful conduct is not reasonably likely to recur. ECF No. 11 at 8. But Respondent offers evidence that Ballard may be returned to prison only under certain circumstances, such as rule violations or "failure to abide by treatment program recommendations." ECF No. 9 ¶ 24; ECF No. 9-5 at 21; ECF No. 9-8; ECF No. 12 at 7–8. Were Ballard to be returned to prison, therefore, "it would be under a different set of facts than those giving rise to [her] original petition." *Morrow v. Eischen*, No. 23-cv-2137 (JMB/DTS), 2024 WL 1939196, at *2 (D. Minn. Apr. 8, 2024) (finding that voluntary-cessation doctrine did not apply in factually similar case), *report and recommendation adopted*, 2024 WL 1932537 (D. Minn. May 1, 2024). Although it is certainly possible that Ballard may be returned to prison, it is not reasonably likely that Ballard will be returned to prison due to the "challenged conduct" at the heart of her amended petition. *Laidlaw*, 528 U.S. at 189. And although Ballard repeatedly notes that it is Respondent's burden to show that the challenged conduct is not reasonably likely to recur, Ballard cannot invoke the voluntary-cessation doctrine based solely on "conjectural or hypothetical" future conduct. *Ayyoubi v. Holder*, 712 F.3d 387, 391 (8th Cir. 2013) (citation omitted); *see Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-cv-2687 (JNE/JJK), 2015 WL 11217175, at *7 (D. Minn. Dec. 29, 2015). To the extent that Ballard believes that the BOP could potentially move her back to prison as a result of its legal error, that assertion

7

is "too conjectural or hypothetical to present an actual controversy." *Ayyoubi*, 712 F.3d at 391.

At base, the voluntary-cessation doctrine "exists to prevent a defendant from engaging in 'strategies' whereby challenged conduct is suspended after being sued and then renewed after the defendant has won a dismissal." *Garcia*, 2025 WL 1476567, at *4 (quoting *Fikre*, 601 U.S. at 241). As was the case in *Garcia*, "[t]here is simply no indication in the record that the government's course of conduct in this case is part of a strategy to lure the Court into an improper dismissal, only to throw [Ballard] back into prison." *Id.* The Court therefore joins *Garcia* (and a growing trend within this District) to hold that the voluntary-cessation doctrine does not apply under these factual circumstances. *See, e.g.*, *id.* at *4–5 (rejecting application of the voluntary-cessation doctrine under materially similar facts); *Morrow*, 2024 WL 1939196, at *1–2 (same); *Volpe v. Thomas*, No. 23-cv-761 (NEB/DJF), 2024 WL 627400, at *2 (D. Minn. Jan. 22, 2024) (same), *report and recommendation adopted*, 2024 WL 626908 (D. Minn. Feb. 14, 2024); *Hedeen v. Rardin*, No. 22-cv-2278 (NEB/DTS), 2023 WL 6065336, at *1 (D. Minn. Aug. 30, 2023) (same), *report and recommendation adopted*, 2023 WL 6065330 (D. Minn. Sept. 18, 2023); *Scheper v. Rios*, No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5,

2020) (same), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).[2]

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ballard's objections (ECF No. 11) are **OVERRULED**.

2. The R&R (ECF No. 10) is **ADOPTED IN FULL**.

3. The Amended Petition (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 24, 2025              *s/Laura M. Provinzino*
                                  Laura M. Provinzino
                                  United States District Judge

---

[2] Ballard attempts to draw a variety of purported factual and procedural distinctions between her case and the case law in this District dismissing similarly moot claims. ECF No. 11 at 6, 11–13. There will always be factual distinctions from case to case, but not all distinctions are material. What matters in the cited cases is that a habeas petitioner alleged that the BOP wrongfully delayed placement in prerelease custody, and during the pendency of the habeas proceedings, the BOP transferred the petitioner to prerelease custody. In such cases, courts have found petitioners' claims are moot. The Court agrees with that reasoning.